# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **ADELBERTO MARRERO,** | ) | **CASE NO. 1:13 CV 635** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **UNITED STATES,** | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Adelberto Marrero filed this action under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1), against the United States. In the Complaint, Plaintiff asserts claims of abuse of process and misrepresentation, alleging his conviction in federal court was obtained by an Assistant United States Attorney ("AUSA") who was not licensed to practice law. He seeks $10,000,000.00 in damages.

## I. BACKGROUND

Although Plaintiff's pleading is quite lengthy, he provides very little factual information. He was a criminal defendant before this Court in *United States v. Marrero*, No. 1:05-cr-128-001 (N.D. Ohio 2005). AUSA David Folmar prosecuted the case on behalf of the United States. Plaintiff entered into a plea agreement with the government in which he agreed to enter a guilty plea to one count of conspiracy to distribute heroin, in exchange for dismissal of four counts of possession with intent to distribute a controlled substance. Prior to sentencing, Plaintiff attempted to withdraw his guilty plea claiming his attorney coerced him into agreeing to the deal with the government. His motion to withdraw his plea was denied and he was sentenced on

March 17, 2006 to 262 months incarceration followed by 8 years of supervised release. He appealed the denial of his motion to withdraw guilty plea to the United States Sixth Circuit Court of Appeals, and the judgment was affirmed on June 29, 2007.

Plaintiff filed a Motion for Relief from Judgment pursuant to Federal Civil Rule 60(b) in his criminal case on March 3, 2008. He claimed Lee Lucas was under investigation for mishandling cases and indicated that Lucas has coerced his niece into testify against him to secure his conviction. This Court denied the motion on March 6, 2008 finding that it was not applicable to criminal cases and could not be used as a substitute for a Motion to Vacate under 28 U.S.C. § 2255.

Plaintiff received a letter from the Federal Public Defender's Office on April 15, 2009 informing him that the United States Attorney's Office wrote a letter to the Chief Judge of United States District Court for the Northern District of Ohio stating that AUSA David Folmar had been practicing law without a license from 2003 to the date of the letter. The Federal Defender noted that Folmar had been involved in Plaintiff's prosecution, making him a potential candidate for a habeas corpus petition. He instructed Plaintiff to write a letter to the undersigned Judge asking for the Federal Defender to be appointed to assist him in attacking his criminal conviction. Plaintiff instead retained the services of a private attorney.

Plaintiff, through counsel, filed a Motion to Vacate Conviction pursuant to 28 U.S.C. §2255 on February 2, 2011. *Marrero v. United States*, No. 1:11 CV 242 (N.D. Ohio Feb. 2, 2011). In the Motion, he asserted that DEA Agent Lee Lucas threatened his niece to induce her to testify against him. The Court found that plaintiff had asserted this argument at his sentencing hearing, and his Motion to Vacate was untimely. He appealed that decision to the

United States Sixth Circuit Court of Appeals in 2011, and the judgment was affirmed.

Plaintiff has now filed this action under the Federal Tort Claims Act ("FTCA" and attached two administrative tort claims that he submitted to the Department of Justice. The first was submitted on June 12, 2012, and asserted that Lee Lucas damaged his property, home, and three autos, and deprived him of the companionship of his two sisters and his nephew Juan Feliciano. He indicated the United States Attorneys had "legal staff notification" of the "continuing chain of tortious conduct" by Lee Lucas. He received a letter from the Civil Division of the Torts Branch of the Department of Justice acknowledging receipt of the claim on June 18, 2012. Plaintiff does not indicate how that claim was resolved.

Plaintiff filed a second administrative tort claim with the Department of Justice on July 11, 2012. He received an acknowledgment from the agency indicating the claim had been received on July 23, 2012. In this submission, he claimed that "the DOJ staff employed at the DC [sic] Washington DC Office Venue, caused this nonstop full time FTCA continuing injury, in the breach of legal duties owed this claimant by the US Attorney General, who is in charge of this claimant's detention in the prison non-stop detention caused by the agent Lee Lucas." (Doc. #1-1 at 14). He claimed the Department of Justice staff in Washington, DC had personal involvement with Lee Lucas and knew of his illegal conduct. Plaintiff does not indicate how that claim was resolved.

Plaintiff has now filed this civil action under the Federal Tort Claims Act. In the Complaint, he alleges that Attorney Folmar actively participated in the prosecution of his criminal case but was practicing law without a license at the time. He claimed Folmar made false representations to the grand jury to secure Plaintiff's indictment, committed the tort of

-3-

abuse of process and breached his duty of care. He asks this Court to conduct an *ex parte* meeting with the United States Attorney in Cleveland to discuss his indictments which he contends were wrongful. He also asks for monetary damages in the amount of $ 10,000,000.00.

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the

Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

### III.  ANALYSIS

The United States, as a sovereign, is immune from suit unless it explicitly waives its immunity. *United States v. Sherwood*, 312 U.S. 584, 590–91 (1941). Congress defines the exact terms and conditions upon which the government and its agencies may be sued and the terms of its consent define the parameters of federal court jurisdiction to entertain suits brought against the United States. *United States v. Orleans*, 425 U.S. at 814; *Honda v. Clark*, 386 U.S. 484, 501 (1967).  A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied.  *U.S. v. King*, 395 U.S. 1, 4 (1969); *Soriano v. U.S.*, 352 U.S. 270, 276 (1957).

By enacting the Federal Tort Claims Act, Congress waived the United States' sovereign immunity under very limited circumstances for claims against the federal government arising from torts committed by federal employees who were acting within the scope of their employment.  28 U.S.C. §§ 1346(b)(1), 2679(d)(1); *United States v. Orleans*, 425 U.S. 807 (1976).  The parameters placed on the United States' consent to suit on these tort claims dictate that they "shall forever be barred unless...presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). The timely filing of an administrative claim is a requirement of the FTCA.  If the administrative requirements of the FTCA have not been fulfilled, the case must be dismissed for lack of jurisdiction. *Dolan v. U.S.*, 514 F.3d 587, 593 (6th Cir. 2008).  This Court cannot extend the waiver of immunity beyond what Congress intended.  *United States v. Kubrick*, 444 U.S. 111, 118 (1979).  Because §2401(b) is a condition of the United States' waiver of immunity, it must be interpreted solely

by reference to federal law.

Plaintiff has not presented the claim asserted in this federal court action to the appropriate federal agency and did not file any administrative tort claim within the time period specified by the statute. As an initial matter, the two claims that were the subject of the June 12, 2012 and the July 12, 2012 administrative filings were related solely to the involvement of Lee Lucas in the investigation of Plaintiff's criminal case. The first administrative claim in June 2012 was directed at the actions of Lee Lucas, himself. The second administrative claim in July 2012 was directed at the DEA employees in Washington DC. and contended they knew about Lee Lucas's illegal activities and failed to correct them. This Complaint before this Court asserts claims against David Folmar, an AUSA who he alleges was not licensed to practice law at the time he participated in Plaintiff's prosecution. Although Plaintiff alleges Folmar worked with Lucas during the prosecution of his case, the allegations in the Complaint are leveled at Folmar, not Lucas. The claim in this case is therefore distinct from the claims asserted in the FTCA administrative filings. Plaintiff gives no indication that he presented his claims against Folmar to the Department of Justice in an administrative tort claim.

Moreover, Plaintiff's FTCA administrative submissions would be untimely with respect to either Folmar, who is not named in either administrative filing, or Lucas, whose conduct is not the subject of this Complaint. Plaintiff learned of the situation with Folmar in a letter from the Federal Defender's Office dated April 15, 2009. He raised his concerns about Lucas at the time of his conviction and sentencing in 2006, and the Federal Defender also mentions Lucas in his 2009 letter. A cause of action accrues when a plaintiff knew or should have known of the injury and its cause. *United States v. Kubrick*, 444 U.S. 111, 122-25 (1979). Plaintiff knew of

his claims against Lucas at the time of his conviction and knew of his claims against Folmar in 2009. He filed his FTCA administrative filings in 2012, well beyond the two year limitations period. Because Plaintiff did not timely exhaust his administrative remedies with regard to the claims asserted in this action, this Court lacks subject matter jurisdiction to consider his claims.

In addition, even if Plaintiff had submitted an administrative claim with respect to Folmar, he would fail to state a claim upon which relief could be granted. Congress expressly removed consent to suits against the United States under the FTCA for any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights. 28 U.S.C. § 2680(h). Plaintiff's claims against Folmar for abuse of process and misrepresentation fall squarely within the statutory exceptions to the FTCA. Even if Plaintiff had properly and timely exhausted his administrative remedies, his claims still would be dismissed for lack of jurisdiction because they are exempt under 28 U.S.C. § 2680(h).

## IV. CONCLUSION

Accordingly, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

                         */s/Dan Aaron Polster 8/26/13*
                         **Dan Aaron Polster**
                         **United States District Judge**

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.